Madden, Judge,
dissenting in part:
I do not agree with that part of the decision and opinion of the court which disallows plaintiff’s claim for the period during which he occupied bachelor quarters.
The applicable statute is Section 6 of the Act of June 10, 1922, as amended by Section 2 of the Act of May 31, 1924. (43 Stat. 250, 37 U. S. C. A., sec. 10.) The first paragraph of that section is as follows:
Except as otherwise provided in the fourth paragraph of this section, each commissioned officer below the grade of brigadier general or its equivalent, in any of the services mentioned in the first paragraph of section 1 of this title, while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters. The amount of such money allowance for the rental of quarters shall be determined by the rate for one room to be fixed by the President for each fiscal year in accordance with a certificate fur *725 nished by the Secretary of Labor showing the costs of rents for the calendar year 1922. Such rate for one room is hereby fixed at $20 per month for the fiscal year 1928, and this rate shall be the maximum and shall be used by the President as the standard in fixing the same or lower rates for subsequent years.
The second and third paragraphs specify the number of rooms, or corresponding allowance, to which officers of different ranks are entitled. The fourth paragraph is as follows:
No rental allowance shall accrue to an officer, having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.
The fifth paragraph of the section authorizes the President to make regulations in execution of the provisions of the section.
In reporting the bill which contained the section enacted and referred to above, the Committee on Military Affairs of the House of Eepresentatives said of the section:[1]
The second section of the bill is a redraft of section 6 of the pay readjustment act relating to money allowance for rental of quarters in order to make clear the import and uniform the application of the same. The textual arrangement and scheme of the section as a whole has been much improved by including and combining all the exclusionary provisions affecting rental allowance in a single paragraph. This paragraph is preceded by three paragraphs containing the express grant of rental allowance, certain and unconditional in nature except as conditioned by aforesaid exclusionary provisions of the fourth paragraph, as conclusively appears from the initial clause of the redrafted section, reading “Except as otherwise provided in the fourth, paragraph of this section.” The effect of this is to simplify the meaning and administration of this section by securing to all officers drawing pay-period *726 pay the corresponding rental allowance which the section creates and which ceases to accrue only in the circumstances specified in the fourth paragraph thereof.
That the language of the existing section, as reflecting the legislative intent in this matter, has proved unsatisfactory and should not longer be allowed to stand is the conclusion of your committee from a consideration of various decisions of the Comptroller General thereon. (2 Comp. Gen. 47, July 25, 1922; 2 Comp. Gen. 107, August 11, 1922 ; 2 Comp. Gen. 160, August 30,1922 ; 2 Comp. Gen. 399, December 26,1922; 2 Comp. Gen. 430, January 10, 1923 ; 2 Comp. Gen. 437, January 16, 1923; 2 Comp. Gen. 745, May 10, 1923; reconsideration decision, May 22, 1923, to Secretary of War; Royce case, June 30,1923.)
The decisions of the Comptroller General cited in the report showed that it had been necessary for the departments to submit many questions to the Comptroller General concerning the 1922 act.
The language of the amended statute and the congressional intent as shown by the committee report show that the purpose of the Congress was to “simplify the meaning and administration” of the rental allowance statute, by expressly granting to each officer an allowance “certain and unconditional in nature except as conditioned by aforesaid exclusionary provisions of the fourth paragraph,” and “which ceases to accrue only in the circumstances specified in the fourth paragraph * * *.”
The fourth paragraph of the section, quoted above, has no application to plaintiff’s situation. He was not an officer “having no dependents.” He was not an officer “assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank * * He was entitled to four rooms and was assigned one. No “competent superior authority” had decided nor does the defendant now contend that the one room assigned him was “adequate for the occupancy of the officer and his dependents.”
Plaintiff’s case, then, seems to be within the provisions of the statute granting a four-room rental allowance, and not within the exclusionary provisions. The court nevertheless has held that for a part of the period in question, plaintiff should not receive the full statutory allowance, but one- *727 fourth less, or an allowance for three rooms, because during that part of the period plaintiff had a room in public quarters. The basis for the court’s holding apparently is that the rental allowance is a reimbursement for expenses incurred, and since plaintiff has been saved the expense of one room by having a room in public quarters, his allowance should be reduced accordingly.
I disagree for two reasons. First, it seems to me to be directly in the teeth of the statute, the meaning of which is further pointed with unusual clarity by the Committee report. Second, as a doctrine of offsets invented by the court to put equity in the statute, it is not supportable because it is unfair.
The statute, particularly in view of the accompanying committee report, seems to me to be clear in its purpose. It provides for money allowances for rental of quarters, fixes the number of rooms to which officers of the several ranks shall be entitled, and sets the money value of each room. Then in the fourth paragraph of Section 6 it provides that no rental allowance should accrue to officers in certain circumstances. One of those is that he be an officer without dependents while on sea duty. Plaintiff was an officer with dependents while on sea duty. He did not come within the exclusionary language, and the court so holds and gives him his allowance for his time on board ship. The other situation in which an officer is excluded from the statutory allowance is that he be “an officer with or without dependents * * * assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.” Again plaintiff does not come within the exclusionary language, as both parties readily concede. Yet the court holds that plaintiff, on this count, does not get the money allowance provided in the earlier paragraphs of the section, but a part of it. Here the court, I think, is entitled to credit for invention. There is not a syllable in the statute, which was intended by its draftsmen “to make clear the import and uniform the applica *728 tion” of the act relating to money allowances for rental of quarters, which could be regarded as an anticipation of this result. The committee report shows that plaintiff’s statutory allowance was to “cease to accrue only in the circumstances ■specified in the fourth paragraph * * Plaintiff was, admittedly not “in the circumstances specified in the fourth paragraph”, yet a substantial part of his allowance “ceases to accrue” nevertheless.
No reason is given in the opinion of the court for giving plaintiff his full allowance while on board ship but deducting a part of it while on shore except that as to the former situation the Comptroller General in numerous rulings has so held. The Comptroller General seems not to have ruled as to the latter situation. The opinion of the court concedes that there is no logical difference between the two situations. That being obviously true, the Comptroller General may be expected to rule, when the occasion arises, that one situated as plaintiff is shall have his full allowance. The court in this case rules to the contrary. Yet the Committee’s purpose in amending the act was “to make clear the import and vmform the application of the same.” [Italics supplied.]
As to the equity of the defendant’s position, there is no evidence that an officer with dependents entitled to four rooms can maintain his dependents at one place in three rooms at the standard at which he and they are expected to live, at three-fourths the rent of a four-room apartment. Experience is to the contrary. If in fact he rents quarters for his dependents with the remaining three-fourths of his rental allowance, his family will live in inadequate quarters in one place, while he does the same in another. He and they will, therefore, be penalized, either financially if he provides them with adequate quarters, or in their standard of living if he provides them with what he can get for the remaining portion of the allowance, because he is unfortunate enough to be an officer stationed at a post where official living quarters for officers’ families are not available.
Judge Littleton authorizes me to say that he concurs in this opinion.

 House Report No. 236, 68th Cong., 1st Sess.